DIXON ENGLISH v. THE STATE.

*No. 6791.   Decided May 3.*

**Jury Law—Separation of Jury.**—Section 15 of the Bill of Rights declares that "the right of trial by jury shall remain inviolate," and that "the Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency." Responding to this constitutional direction, article 687 of the Code of Procedure provides that "after the jury has been sworn and impaneled to try any case of felony they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with consent of the attorneys representing the State and the defendant, and in charge of an officer." Under this statute a separation of the jury in a felony case can not be legally had by consent of the parties and permission of the court, unless during separation each individual juror is in charge of an officer of the court. See the opinion *in extenso* on the question.

APPEAL from the District Court of Jones on change of venue from Crosby. Tried below before Hon. J. V. Cockrell.

This conviction was for horse theft, and the penalty assessed was a term of five years in the penitentiary.

*Davis & Woodruff, Crane & Keifer,* and *C. R. Breedlove,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Of the several errors assigned and complained of on this appeal we only propose to notice those relating to a single matter, to-wit, the separation of the jury. The other errors assigned are of a character not likely to arise upon another trial. Defendant was indicted and put upon his trial for horse theft—a crime which is a felony under our code.

The 15th section of the Bill of Rights, article 1 of our State Constitution, declares that "the right of trial by jury shall remain inviolate," and that "the Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

One of the provisions of our Code of Criminal Procedure is in these words, viz.: "After the jury has been sworn and impaneled to try any case of felony they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with consent of the attorneys representing the State and the defendant, and in charge of an officer." Code Crim. Proc., art. 687.

On the motion for a new trial the defendant complained of the action of the court in regard to two separations of the jury, which grounds of the motion were supported by the affidavits of jurors.

With regard to the first separation, the statement made by appellant is

that "six jurors were qualified and accepted in said cause; thereupon it appearing to the court that there were no other jurors in the box from which to select and complete the jury in this cause, it ordered the sheriff to summon talesmen from which to select and complete the jury herein; and without the consent of defendant and on its own motion the court discharged the said six jurors already then accepted and impaneled in this cause, and allowed them to separate, and released them from the charge of an officer until the following day about 9 o'clock a. m., during which time said six jurors separated and were not with nor in charge of an officer, without the consent of the defendant, who was then and there in custody of an officer and in jail. Said six jurors, by permission of the court, were allowed to separate and go to different parts of the town and county without the consent of the defendant."

With regard to the second separation, the statement by appellant is as follows, viz.:

"This trial began in the afternoon of February 20, 1890; the impaneling of the jury was completed on the 21st day of February, 1890, and on the same day the State introduced all of its evidence in chief, and defendant introduced nearly all of his evidence, and when the hour of adjournment had come, about 6 o'clock on same day, the court permitted the jury to separate and disperse for the night, without either of them being in charge of or under control of an officer; and said jury did separate and disperse whither they would, for and during said night, they nor either of them during said time being in charge of or under control of an officer. They so remained separated and dispersed until about 8 o'clock a. m. of the following day, during all of which time the defendant was in custody of an officer and in jail, but said jury were separated and mixing with the prosecuting witnesses at the hotels and around town, and the horse in controversy was kept tied where said jurors could see same."

In answer to these grounds of the motion for new trial, the learned judge makes an affidavit in which he states that "the jury who tried the cause were not discharged by the court until after the State and the defendant, by attorney and in person, had agreed to their being discharged under instructions of the court, but in both instances the defendant agreed in person to said discharge."

In construing article 687 of the Code of Criminal Procedure, our Supreme Court, in Brown v. The State, 38 Texas, 483, say: "Had the prisoner consented to the separation of the jury contemplated by the statute, he would not be bound in this case, for the separation which took place was not such as is contemplated by the law. When a separation takes place by the consent of the accused, every juror should be under the protection and control of an officer, in order that no communication may be had with other persons in any wise touching the cause on trial."

Separation of the jury in a felony case is not allowable, even by consent of the parties, unless the jurors are in charge of an officer. Porter v. The State, 1 Texas Ct. App., 394; Grissom v. The State, 4 Texas Ct. App., 374; Defriend v. The State, 22 Texas Ct. App., 570.

In Sterling v. The State, 15 Texas Court of Appeals, 249, in discussing another question, this court, in passing, say: "True, the defendant might waive the provisions of the law requiring jurors impaneled to be kept together until the termination of the trial, etc. (Code Crim. Proc., art. 23);" and this doctrine is cited in support of the action of the court in this case. This is not really in conflict with the other cases cited, for it is not said in the language quoted that such separation may be without custody of an officer. In effect, the position is that, inasmuch as a defendant may waive any right secured to him by law except the right of trial by jury in a felony case (art. 23, *supra*), he can waive the right of having the jury kept together and consent that they may separate without being in the charge of an officer. So jealous are both our Constitution and laws of the rights of the citizen that they will not permit him, when charged with a felony, to consent to be tried in any other mode than by a jury of his peers, and they have attempted to provide every means for the purity and efficiency of the jury trial. In a felony case, to secure the efficiency and purity of the trial, it has been deemed necessary that the jury shall not be allowed to separate, and if allowed by consent of parties they must, during separation, each individual be in charge of a trusted officer of the court, who will see to it that their purity and efficiency are preserved. A defendant can no more by his own act do anything which would likely destroy that purity and efficiency than he could waive the right of trial by jury. To permit him to do so would be tantamount to his waiving a trial by such jury as the Constitution contemplates, to-wit, "an impartial jury." Sec. 10, Bill of Rights. It seems to us that the reason as well as policy of such statutory safeguards are too apparent to admit of question.

If a defendant were allowed to agree to a separation without the jurors being kept in custody of an officer, when called upon to do so, he would rarely ever refuse for fear his refusal would injure him and prejudice his cause with the jury. Rather than incur their ill will by refusing, he would more than likely consent, and take the chances of subjecting them to influences which would prove most direful in their consequences to him. We believe the law intended to shield him absolutely against the chances of such a dilemma. Mr. Bishop says: "The better doctrine is that he is not in a position to give consent; it should not be asked, and a permission to separate granted in pursuance of it is null." 1 Bish. Crim. Proc., 3 ed., sec. 998.

As before stated, the other errors complained of may not and are not likely to occur on another trial, and they will not therefore be discussed.

For the error discussed, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Judges all present and concurring.